UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Capital One, N.A.,<br><br>      Plaintiff<br><br>v.<br><br>Aurora Estates Owners Association, et al.,<br><br>      Defendants | 2:16-cv-02325-JAD-GWF<br><br>**Order Staying Case Pending Issuance of Mandate in *Bourne Valley Court Trust v. Wells Fargo Bank* and Denying Pending Motions without Prejudice** |

      As I noted in *Freedom Mortgage v. Las Vegas Development Group*,[1] in the years following Las Vegas's real estate crash, lenders and investors were at odds over the legal effect of a homeowners association's (HOA's) nonjudicial foreclosure of a superpriority lien on a lender's first trust deed. The Nevada Supreme Court settled the debate in *SFR Investments Pool 1, LLC v. U.S. Bank*, holding that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[2]

      But in August, two members of a Ninth Circuit panel held in *Bourne Valley Court Trust v. Wells Fargo Bank* that Chapter 116's nonjudicial foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was amended in 2015.[3] The purchaser has filed a petition for rehearing, and the Circuit has directed a response.

      Plaintiff Capital One brings this action in an attempt to maintain its first-trust-deed interest in the HOA-foreclosed home located at 1401 Marbella Ridge. Capital One alleges that Chapter 116's non-judicial foreclosure scheme violates due process.[4] The investor who

---

[1] *Freedom Mortgage Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015).

[2] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[3] *Bourne Valley Ct. Trust*, 2016 WL 4254983, at *5.

[4] ECF No. 1 at 7.

purchased the property at foreclosure—Saticoy Bay—has moved to dismiss Capital One's claims, and the due-process issue in *SFR* and *Bourne Valley* is integral to that motion.[5]  To save the parties from the need or inclination to invest further resources briefing the effect of the *Bourne Valley* opinion before those post-opinion motions are exhausted, I *sua sponte* stay all proceedings in this case pending the Ninth Circuit's issuance of the mandate in *Bourne Valley*, and deny Saticoy Bay's motion to dismiss without prejudice to the filing of a renewed motion after the stay is lifted.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[6]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[7]  After weighing these considerations, I find that a *Landis* stay is appropriate here.  I address these considerations in reverse order.

**A.   A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the competing arguments that the foreclosure sale either extinguished the bank's security interest under the *SFR* holding or had no legal effect because the statutory scheme violates due process.[8]  The *Bourne Valley* opinion and any modification of that opinion have the potential to be dispositive of this case or at least of discrete issues that it presents.  As the jurisprudence in this

---

[5] ECF No. 12.

[6] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[7] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[8] *See* ECF No. 1 at 6–8.

area of unique Nevada law continues to evolve, the parties file new motions or move to supplement the ones that they already have pending, often resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. Staying this case pending the mandate in *Bourne Valley* will permit the parties to evaluate—and me to consider—the viability of the claims under the most complete precedent.  This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.     Hardship and inequity balance in favor of a temporary stay.**

Both parties face the prospect of hardship if I resolve the claims or issues in this case before the Ninth Circuit issues the mandate in *Bourne Valley*.  A stay will prevent unnecessary briefing and the further expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—should the panel or the *en banc* court issue a subsequent opinion.

**C.     Damage from a stay is minimal.**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and Saticoy Bay's motion to dismiss.  But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the panel or the *en banc* court rehears the matter.  So it is not clear to me that a stay pending the *Bourne Valley* mandate will ultimately lengthen the life of this case.  I thus find that any possible damage that a stay may cause the parties is minimal.

**D.     The length of the stay is reasonable.**

Finally, I note that the stay of this case pending the *Bourne Valley* mandate is expected to be reasonably short.  The petition for rehearing has been filed and a response has already been ordered.  Because the length of this stay is directly tied to the Circuit's issuance of its mandate in *Bourne Valley*, it is reasonably brief and not indefinite.

**Conclusion**

IT IS THEREFORE ORDERED that **this case is administratively STAYED**. Once the Ninth Circuit issues the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, case number 15-15233 (2:13-cv-649-PMP-NJK), any party may move to lift the stay. Until that time, all proceedings in this action are stayed. However, the parties still remain responsible for ensuring timely service of process.

IT IS FURTHER ORDERED that **the Motion to Dismiss Complaint [12] is DENIED** without prejudice to its refiling within 20 days after the stay is lifted.

DATED: November 1, 2016

_____
Jennifer A. Dorsey
United States District Judge